IN THE DISTRICT COURT OF THE UNITED STATES VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| RICHARD VENTO and LANA VENTO  ) | |
| GAIL C. VENTO, NICOLE M.  ) | |
| MOLLISON, RENEE S. VENTO,  ) | Civil Action No.: 09-cv-174 |
| ) | |
| Plaintiffs,  ) | |
| ) | |
| v.  ) | |
| ) | |
| DUANE CRITHFIELD, ET. AL.  ) | |
| ) | |
| Defendants.  ) | |
| ) | |
| _____ ) | |

**JOINT MEMORANDUM IN SUPPORT OF MOTION TO STAY OF THE PROCEEDINGS AND APPOINT ARBITRATOR**

All Plaintiffs (the "Vento parties") and twenty-one (21) Defendants in this cause (the "Alliance Defendants" parties) (hereinafter collectively "the Parties") to this litigation jointly request this Honorable Court to enter an order staying these proceedings and appointing an arbitrator and as grounds for their Motion, those Parties state as follows:

I.  BACKGROUND.

On March 9, 2010, the Plaintiffs in this cause filed an amended complaint against twenty-seven defendants. (Am. Compl.)  In a broad manner of speaking, the defendants fell into two categories, attorney-defendants and non-attorney defendants.  *Id.*  In that context, the Alliance Defendants are the non-attorney defendants. The Amended Complaint, totaling some eighty (80) pages with exhibits, laid out nine counts alleging RICO and fraud type of allegations.  *Id.*  In addition to this instant action, the Parties had five other separate cases and that were pending and located in: the State of Texas, an additional case in the District Court of the Virgin Islands, District of St. Thomas and St. Johns, and two actions in the British West Indies territories of Anguilla and

the British West Indies Territory of Nevis. On September 26 and 27, 2011, the Parties personally and by and through their respective attorneys, conducted a mediation and settlement conference in Miami, Florida. The said mediation resulted in the settlement and partial settlements in the six (6) separate cases.

## II. THE PARTIES HAVE AGREED TO ARBITRATE.

During colloquy on a Motion to Seal exhibits in the above entitled case, Magistrate Judge Miller suggested to some of the attorneys that they might want to consider an alternative dispute mechanism due to the sensitive nature of the case. Beginning in approximately February of 2012, the Parties began to discuss alternative dispute resolution possibilities for their remaining disputes, including this action. On August 12, 2012, the Parties came to an agreement to arbitrate their disputes. On August 13, 2012, the Parties executed a written agreement ("Arbitration Agreement"), attached as Exhibit A to the Motion. That Agreement specifically provides that the Parties have agreed to conduct the arbitration pursuant to the Federal Arbitration Act ("FAA" or "the Act."), and to appointing a specific arbitrator under the Agreement.

## III. FEDERAL LAW MANDATES A STAY.

The Act specifically provides for a stay of proceedings where the issues are referable to arbitration. *Id*. Indeed, the FAA actually mandates that the court enter a stay. *Id*. (". . . [the court] shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement. . . .") Federal courts applying the Act have consistently held that the stay of proceedings is mandatory. *See, e.g.* - *Houlihan v. Offerman & Co., Inc.*, 31 F.3d 692 (8th Cir. 1994) (holding proceeding must be stayed once court determines that dispute falls within a valid arbitration agreement*); Gutierrez v. Academy Corp.*, 967 F. Supp. 945 (S.D. Tex. 1997)(holding that the Act's stay of litigation provision is mandatory, district court has

2

no discretion to deny stay); *Campeau Corp. v. May Dept. Stores Co.*, 723 F. Supp. 224 (S.D.N.Y. 1989) (holding that if showing is made, a stay pending arbitration is mandatory); and *HG Estate, LLC v. Corporacion Durango S.A. De de C.V.*, 271 F. Supp.2d 587 (S.D.N.Y. 2003)(arbitration mandatory even where there were claims of fraud).

## IV. APPOINTMENT OF ARBITRATOR

Under the Act, if the parties' arbitration agreement specifies a method for the appointment of an arbitrator, that procedure should be followed. 9 U.S.C. at §5. ("If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed. . . ."); *see also ACEquip Ltd. v. American Engineering Corp.*, 315 F.3d 151 (D. Conn. 2003). In the Arbitration Agreement the Parties have selected Lawrence M. Watson, Jr. as their Arbitrator. Arbitration at I. ( "The Parties . . . agree to appoint Lawrence M. Watson. Jr. to serve as Arbitrator hereunder.") Mr. Watson served as the Mediator that resulted in a partial settlement of the various cases referred to earlier in this memorandum. The Parties developed a mutually respectful relationship with Mr. Watson and the Parties herein have a level of confidence in Mr. Watson's abilities as both a Mediator and Arbitrator. Mr. Watson is an experienced Arbitrator. Accordingly, pursuant to the Act, the Parties request that this Court enter an order appointing Mr. Watson as Arbitrator.

## V. CONCLUSION

For the foregoing reasons, the Parties to the Arbitration Agreement request that this Court enter an order staying this cause of action for the purpose of allowing the Parties to arbitrate their disputes. Further, this Court should enter an order appointing Lawrence M. Watson Jr. as the Arbitrator.

DATED:  August 16, 2012

                        Respectfully Submitted,


BY:   /s/ Gordon Rhea\_\_\_\_\_
       Gordon C Rhea
       211 Bennett
       Mount Pleasant, SC 29464
       grhealaw@comcast.net

       Stewart Marcos Cooke, Esq.
       Fla.  Bar. No. 321450
       Email: scooke@cookelaw.net
       Cooke Law | P.A.
       1395 Brickell Ave.
       Miami, FL 33131
       Tel.: (305) 400-0870
       Fax:  (305) 489-7968
       Admitted Pro Hace Vice

       *Attorneys for Crithfield/Alliance Defendants*

BY:   /s/ Alan R. Feuerstein\_\_\_\_\_

       Alan R. Feuerstein, Esq.
       **FEUERSTEIN & SMITH, LLP**
       *Attorneys for Plaintiffs*
       17 St. Louis Place
       Buffalo, New York 14202-1502
       (716) 856-9704  Telephone
       (716) 856-9707  Facsimile
       fsllp@aol.com
       and
       P.O Box 502008
       St. Thomas, U.S. Virgin Islands
       00805-2008
       (340) 777-6325 Telephone and Facsimile
       fsllpvi@aol.com
       AND

BY: /s/ David Marshall Nissman
David Marshall Nissman, Esq.
**McCHAIN NISSMAN LAW GROUP LLC**
*Attorneys for Plaintiffs*
53A Company Street
Christiansted, VI 00820
(340) 719-0601 Telephone
(340) 719-0602 Facsimile
dnissman@yahoo.com