## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| RICHARD VENTO, LANA VENTO ) <br> GAIL C. VENTO, NICOLE M. ) <br> MOLLISON, RENEE S. VENTO, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) Index No. 3:09-cv-174 <br> DUANE CRITHFIELD, KEITHLEY LAKE, ) <br> ALLIANCE HOLDING CO., LTD., ALLIANCE ) <br> ROYALTIES, INC., WESTMINSTER, HOPE & ) <br> TURNBERRY, LLC, WESTMINSTER, HOPE & ) <br> TURNBERRY, LTD., FIRST FIDELITY TRUST, ) <br> LTD., FIDELITY INSURANCE CO., LTD., ) <br> OFFSHORE TRUST SERVICES, LLC, ) <br> CITADEL INSURANCE CO., LTD., ABC ) <br> COMPANIES, JAMES DUGGAN, DUGGAN ) <br> BERTSCH, THOMAS HANDLER, HANDLER ) <br> THAYER, LLP, STEVEN THAYER, ) <br> AP HOLDINGS, LTD., CITADEL INSURANCE ) <br> CO., LTD., FORTRESS FAMILY OFFICE ) <br> GROUP, LLC, FOSTER & DUNHILL, LTD., ) <br> WATERBERRY, LTD., AXA HOLDINGS CO., ) <br> BPS INTERNATIONAL, LLC, NEW HOPE ) <br> HOLDINGS, LTD., OFFSHORE TRUST ) <br> SERVICES, LLC, STEPHEN P. DONALDSON. ) <br> ) <br> Defendants. ) <br> ) | |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO CONFIRM DOMESTIC ARBITRATION AWARD

COMES NOW, Plaintiffs, by and through their undersigned counsel Feuerstein & Smith, LLP, Alan R. Feuerstein, Esq. of counsel and does hereby move that the Court confirm the domestic arbitration award in this case.

## A. INTRODUCTION

1. The Plaintiffs in this case are listed in the above referenced action. The Defendants in this case are also listed in the above referenced action.

2. The Plaintiffs sued the Defendants in this claim for the violations under the Racketeer Influenced and Corrupt Organizations Act, 18 U.C. §1961 *et seq.*, the Virgin Islands Criminally Influenced and Corrupt Organizations Act, V.I. Code Title 14, §601 *et seq.,* for wrongful taking and wrongful detention, personal liability for conversion, conspiracy, fraud, deceit, and conspiracy to defraud, breach of fiduciary duty, aiding and abiding the breach of fiduciary duty, and fraudulent conveyance of assets. The Plaintiffs and the Defendants, include Duane Crithfield, Keithley Lake, Alliance Holding Company, Ltd., Alliance Royalties, LLC, Alliance Royalties, Inc., Westminster, Hope & Turnberry, LLC, Westminster, Hope & Turnberry, Ltd., First Fidelity Trust, Ltd., Fidelity Insurance Company, Ltd., Offshore Trust Services, LLC, Citadel Insurance Company, Ltd., AP Holdings, Ltd., Citadel Insurance Company, Ltd., Fortress Family Office Group, LLC, Foster & Dunhill, Ltd., Waterberry, Ltd., AXA Holdings Company, BPS International, LLC, New Hope Holdings, Ltd., Offshore Trust Services, LLC, and Stephen P. Donaldson. The parties submitted the dispute to arbitration after this Court issued its Order to Stay this matter pending the arbitration award between the parties, which Order was issued by this Court on the August 29, 2012.

3. The parties submitted the dispute to arbitration pursuant to the Arbitration Agreement (EXHIBIT 1), and the Order of this Court of August 29, 2012 (EXHIBIT 2). The arbitration hearing was held on July 22, 2013 through and including July 26, 2013. The arbitrator Lawrence M. Watson granted judgment in favor of the Plaintiffs on August 23,

2013 and against the Defendants jointly and severally, Alliance Holding Company, Ltd., Alliance Royalties, LLC, Alliance Royalties, Inc., Westminster, Hope & Turnberry, LLC, Westminster, Hope & Turnberry, Ltd., Waterberry, Ltd., Offshore Trust Services, LLC, AXA Holdings Company, First Fidelity Trust, Ltd., Fidelity Insurance Company, Ltd., Duane Crithfield, individually and Keithley Lake individually, jointly and severally in the total amount of $7.419 million.

4. The Plaintiffs file this Motion to confirm the domestic arbitration award.

### B.  STANDARD OF REVIEW

5. A Court's review of the arbitration process is severely limited. United Paperworkers Internation Union v. Misco, Inc., 484 U.S. 29, 36-38 (1987); Wonderland Greyhound Park, Inc. v. Autotote Sys., Inc., 274 F.3d 34, 35 (1 St. Cir. 2001). A Court is not free to vacate an award because it views the merits of the case differently, nor may it overrule an arbitration decision because it finds an error of law. *See* W.R. Grace & Co. v. Local Union 759, Int'l Union of the United Rubber, Cork, Linoleum and Plastic Workers of America, 461 U.S. 757, 764 (1983); United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 599 (1960). In this regard it must be remembered that it is the award, rather than the specific reasoning employed, that a court must review. Schlesinger v. Building Service Employees International Union, Local 252, 367 F.Supp. 760, 764 (E.D. Pa.1973); American Can Co. v. United Papermakers and Paperworkers, AFL-CIO, 356 F. Supp. 495-500 (E.D. Pa. 1973).

6. A court may only vacate an arbitrator's award in the rare circumstances when an arbitrator has gone beyond the scope of his arbitral authority, when there is misconduct

on the part of the arbitrator, or when the award was made in manifest disregard of the law. 9 U.S.C.A. § 10. The Court need only consider whether, for some reason outside of the arbitration agreement, the arbitrator's decision is "so palpably faulty that no judge, or group of judges, could ever conceivably have made such a ruling." *See* International Union of Electrical, Radio and Machine Workers, AFL-CIO v. Peerless Pressed Metal Corp., 489 F.2d 768, 769 (1st Cir. 1973), Quoting Safeway Stores v. Bakery Workers Local 111, 390 F.2d 79, 82 (5th Cir. 1968).

### C. ARGUMENT

7. On a timely motion filed to confirm a domestic arbitration award with the proper attachments, confirmation of the award is presumed unless there are grounds to modify, correct, or vacate the award. 9 U.S.C. §9, 13; *See* Booth v. Hume Publ, G, Inc., 902 F.2d 925, 932 (11th Cir. 1990).

8. A motion to confirm a domestic arbitration award must be filed within one (1) year after the award is made. 9 U.S.C. §9. Photopaint Techs, LLC v. Smartlens Corp., 335 F.3d 152, 158 (2d Cir. 2003). In this case, the award was issued on the 23rd day of August 2013. Plaintiffs are contemporaneously filing the motion with this Memorandum of Law. Therefore, this motion is timely filed.

9. An arbitration award must be confirmed when the parties have provided in the Arbitration Agreement that a judgment will be entered on the arbitration award. 9 U.S.C. §9. In this case, the parties entered into an Arbitration Agreement on the 13th day of August 2012. A copy of that Arbitration Agreement is attached and at section X. The Award, it provides that a judgment will be entered on the arbitration award. An award

4

was issued on August 23, 2013 and Plaintiffs are now filing this motion. A copy of the final award of the arbitrator is attached hereto. The arbitration award grants to the Plaintiffs a money judgment against certain of the Defendants jointly and severally in the sum of $7.419 million.

10. The Plaintiffs request that the Court take notice that the Plaintiffs have filed a Motion to Correct, Modify and Amend the final award in this matter (attached hereto as Exhibit E) and therefore the Plaintiffs may subsequently move the Court to confirm a modified Final Award upon a ruling from Arbitrator Watson.

11. Because this motion, the proposed Order, and the proper attachments have been filed, and because there are no grounds for modifying, correcting, or vacating the award, the Court must now confirm the arbitration award in this case. 9 U.S.C. §9.13.

### D. ATTACHMENTS

12. In support of this Motion to Confirm, the Plaintiffs include the following documents in the attached appendix which are hereby incorporated by reference. 9 U.S.C. §13. These documents include:

   a) The joint motion brought by the Plaintiffs and the Defendants in the arbitration to stay this action pending arbitration between the Plaintiffs and certain Defendants;

   b) The Court Order granting the joint motion to stay this action pending arbitration between the parties and certain Defendants that is dated August 29, 2012;

   c) The agreement to arbitrate dated August 13, 2012 by and between the "Vento Entities" and the "Alliance Entities";

    d)  The final award of Honorable Lawrence M. Watson, Jr., arbitrator dated August 23, 3013.

    e)  The Plaintiffs' Motion to Correct, Modify and Amend the Final Award filed with the Honorable Lawrence M. Watson, Jr. on October 15, 2013.

13. The Plaintiffs request that the Court include the attached documents with its Order confirming the arbitration award.

### E.  CONCLUSION

14. Plaintiffs have brought this motion for entry of judgment and to confirm the domestic arbitration award that was issued on August 23, 2013.  The final award was issued after the matters before this Court were stayed pending the arbitration and issuance of a final award.  The award that was issued attached appendix D.

15. The final arbitration award the arbitrator made an award of zero (0) as to the claims brought by Defendants Foster & Dunhill, Ltd., Stephen P. Donaldson, Fortress Family Office Group, LLC, Citadel Insurance Company, Ltd., AP Holdings, Ltd., and New Hope Holdings, Ltd., entities to those claims between the parties.

16. The arbitrator further found for the Plaintiffs including <u>Much Love International Dynasty Trust</u>, <u>Vita International Dynasty Trust</u>, <u>Loki International Dynasty Trust</u>, <u>Founders International DV Dynasty Trust</u>, <u>Richard Vento</u>, <u>Lana Vento</u>, <u>Gail Vento</u>, <u>Nicole Mollison</u>, and <u>Renee Vento</u> (collectively) and as against Defendants <u>jointly and severally</u> including <u>Alliance Holding Company, Ltd.</u>, <u>Alliance Royalties, LLC</u>, <u>Alliance Royalties, Inc.</u>, <u>Westminster, Hope & Turnberry, LLC</u>, <u>Westminster, Hope & Turnberry, Ltd.</u>, <u>Waterberry, Ltd.</u>, <u>Offshore Trust Services, LLC</u>, <u>AXA Holdings Company</u>, <u>First Fidelity</u>

<u>Trust, Ltd.</u>, <u>Fidelity Insurance Company, Ltd.</u>, <u>Duane Crithfield</u> individually and <u>Keithley Lake</u> individually in the total sum of $7.419 Million, which award reflects a net amount taking into consideration all claims and all counter-claims asserted.  The arbitrator further directed that each party shall bear their own legal fees and costs, and each party shall bear their own arbitration fees and costs.

17. For these reasons, the Plaintiffs move that the Court confirm the domestic arbitration award and enter judgment in accordance therewith.

DATED:   October 15, 2013              Respectfully submitted,
         St. Thomas, USVI

                                BY:    /s/Alan R. Feuerstein
                                       Alan R. Feuerstein, Esq.
                                       **FEUERSTEIN & SMITH, LLP**
                                       *Attorneys for Plaintiffs*
                                       475 Delaware Avenue
                                       Buffalo, New York 14202-1303
                                       (716) 856-9704  Telephone
                                       (716) 856-9707  Facsimile
                                       fsllp@aol.com
                                       and
                                       P.O Box 502008
                                       St. Thomas, U.S. Virgin Islands
                                       00805-2008
                                       (340) 777-6325 Telephone/Facsimile
                                       fsllpvi@aol.com


                                       **McCHAIN NISSMAN LAW GROUP LLC**

                                BY: /s/ David Marshall Nissman
                                       David Marshall Nissman, Esq.
                                       *Attorneys for Plaintiffs*
                                       53A Company Street
                                       Christiansted, VI 00820
                                       (340) 719-0601  Telephone
                                       (340) 719-0602  Facsimile
                                       dnissman@yahoo.com
                                       david@mcchainnissman.com

7

**CERTIFICATE OF SERVICE**

    I, Alan R. Feuerstein, hereby certify that I have on this 15th day of October, 2013 filed the foregoing in District Court of the Virgin Islands using the Court's CM/ECF system, which will send notification of filing via electronic mail addressed to the following:

Gordon C. Rhea, Esq.
Richardson Patrick Westbrook & Brickman, LLC
1037 Chuck Dawley Boulevard, Building A
Mount Pleasant, South Carolina 29464
grhea@rpwb.com

                                          */s/ Alan R. Feuerstein*
                                          Alan R. Feuerstein