DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| RICHARD VENTO, LANA VENTO GAIL C. VENTO, NICOLE M. MOLLISON, RENEE S. VENTO,<br><br>Plaintiffs,<br><br>vs.<br><br>DUANE CRITHFIELD, KEITHLEY LAKE, ALLIANCE HOLDING CO., LTD., ALLIANCE ROYALTIES, INC., WESTMINSTER, HOPE & TURNBERRY, LLC, WESTMINSTER, HOPE & TURNBERRY, LTD., FIRST FIDELITY TRUST, LTD., FIDELITY INSURANCE CO., LTD., OFFSHORE TRUST SERVICES, LLC, CITADEL INSURANCE CO., LTD., ABC COMPANIES, JAMES DUGGAN, DUGGAN BERTSCH, THOMAS HANDLER, HANDLER THAYER, LLP, STEVEN THAYER, AP HOLDINGS, LTD., CITADEL INSURANCE CO., LTD., FORTRESS FAMILY OFFICE GROUP, LLC, FOSTER & DUNHILL, LTD., WATERBERRY, LTD., AXA HOLDINGS CO., BPS INTERNATIONAL, LLC, NEW HOPE HOLDINGS, LTD., OFFSHORE TRUST SERVICES, LLC, STEPHEN P. DONALDSON.<br><br>Defendants. | Index No. 3:09-cv-174 |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF RENEWED AND SUPPLEMENTARY MOTION TO CONFIRM AMENDED DOMESTIC ARBITRATION AWARD**

**COME NOW**, Plaintiffs, by and through their undersigned counsel Feuerstein & Smith, LLP, Alan R. Feuerstein, Esq. of counsel and do hereby move that the Court confirm the amended domestic arbitration award dated November 25, 2013.

## A. INTRODUCTION

1. The Plaintiffs in this case are listed in the above referenced action. The Defendants in this case are also listed in the above referenced action.

2. The Plaintiffs sued the Defendants in the District Court for the violations under the Racketeer Influenced and Corrupt Organizations Act, 18 U.C. §1961 *et seq.*, the Virgin Islands Criminally Influenced and Corrupt Organizations Act, V.I. Code Title 14, §601 *et seq.,* for wrongful taking and wrongful detention, personal liability for conversion, conspiracy, fraud, deceit, and conspiracy to defraud, breach of fiduciary duty, aiding and abiding the breach of fiduciary duty, and fraudulent conveyance of assets.

3. After a settlement conference and a Settlement Agreement dated November 1, 2011 and effective as of September 27, 2011 (EXHIBIT 27), the parties entered into an Agreement to Arbitrate dated August 13, 2012 (EXHIBIT 1). After execution of the Agreement to Arbitrate, the parties made a joint motion to stay this action until the issuance of the arbitrator's final award.

4. The parties then submitted the disputes to arbitration pursuant to the Agreement to Arbitrate (EXHIBIT 1) and upon newly drafted and submitted claims of Plaintiffs, the Responses and Counterclaims of the Defendants and Plaintiffs' Replies.

5. This Court issued its Order to Stay this matter pending the arbitrator's final award. The Court's Order staying these proceedings was issued on August 29, 2012 (EXHIBIT 2). The arbitration hearing was held from July 22, 2013 through and including July 26, 2013. The arbitrator Lawrence M. Watson issued his final award in favor of the Plaintiffs on August 23, 2013 and against the Defendants jointly and severally, Alliance Holding Company, Ltd., Alliance Royalties, LLC, Alliance Royalties, Inc., Westminster, Hope &

Turnberry, LLC, Westminster, Hope & Turnberry, Ltd., Waterberry, Ltd., Offshore Trust Services, LLC, AXA Holdings Company, First Fidelity Trust, Ltd., Fidelity Insurance Company, Ltd., Duane Crithfield, individually and Keithley Lake individually, jointly and severally in the total amount of $7.419 million.

6. The respective parties filed post-award Motions before the Arbitrator, resulting in the Amended Final Award issued by the Arbitrator on November 25, 2013 (EXHIBIT 23) and two Orders directed to the Motions brought by the parties (EXHIBIT 21, 22 respectively).

7. The Plaintiffs file this Motion to confirm the amended domestic arbitration award.

## B.  STANDARD OF REVIEW

8. A Court's review of the arbitration process is severely limited. United Paperworkers International Union v. Misco, Inc., 484 U.S. 29, 36-38 (1987); Hall St. Assocs., LLC v. Mattel, 552 U.S. 576 (2008). A Court is not free to vacate an award because it views the merits of the case differently, nor may it overrule an arbitration decision because it finds an error of law. See W.R. Grace & Co. v. Local Union 759, Int'l Union of the United Rubber, Cork, Linoleum and Plastic Workers of America, 461 U.S. 757, 764 (1983); United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 599 (1960). In this regard it must be remembered that it is the award, rather than the specific reasoning employed, that a court must review. Schlesinger v. Building Service Employees International Union, Local 252, 367 F.Supp. 760, 764 (E.D. Pa.1973); American Can Co. v. United Papermakers and Paperworkers, AFL-CIO, 356 F. Supp. 495-500 (E.D. Pa. 1973).

9. A court may only vacate an arbitrator's award in the rare circumstances when an arbitrator has gone beyond the scope of his arbitral authority, when there is misconduct on the part of the arbitrator, or when the award was made in manifest disregard of the law. 9 U.S.C.A. § 10. The Court need only consider whether, for some reason outside of the arbitration agreement, the arbitrator's decision is "so palpably faulty that no judge, or group of judges, could ever conceivably have made such a ruling." *See* <u>International Union of Electrical, Radio and Machine Workers, AFL-CIO v. Peerless Pressed Metal Corp.</u>, 489 F.2d 768, 769 (1st Cir. 1973), *quoting* <u>Safeway Stores v. Bakery Workers Local 111</u>, 390 F.2d 79, 82 (5th Cir. 1968).

## C. ARGUMENT

10. On a timely motion filed to confirm a domestic arbitration award with the proper attachments, confirmation of the award is presumed unless there are grounds to modify, correct, or vacate the award. 9 U.S.C. §9, 13; *See* <u>Booth v. Hume Publ., G, Inc.</u>, 902 F.2d 925, 932 (11th Cir. 1990).

11. A motion to confirm a domestic arbitration award must be filed within one (1) year after the award is made. 9 U.S.C. §9. <u>Photopaint Techs, LLC v. Smartlens Corp.</u>, 335 F.3d 152, 158 (2d Cir. 2003). In this case, the award was issued on the 23rd day of August 2013, and amended award was issued November 25, 2013. Plaintiffs are contemporaneously filing the motion with this Memorandum of Law. Therefore, this motion is timely filed.

12. An arbitration award must be confirmed when the parties have provided in the Arbitration Agreement that a judgment will be entered on the arbitration award. 9 U.S.C.

4

§9. In this case, the parties entered into an Agreement to Arbitrate on the 13th day of August 2012. A copy of that Agreement to Arbitrate is attached and at "Section X. The Award", it provides as follows:

> "II. PRESERVATION OF JURISDICTIONAL RIGHTS AND OBJECTIONS
>
> "…Notwithstanding the foregoing however in the event there is an arbitration award against any party, the ***prevailing party shall be entitled to convert that award to a final judgment <u>and</u> seek execution in any jurisdiction where the losing party's assets may be found.***"
>
> (EXHIBIT 1, emphasis added).

The Agreement to Arbitrate further provides:

> "XI. ENFORCEMENT
>
> "The Parties agree to be bound by the decision of the Arbitrator. The Parties further agree that the Award may be enforced in both U.S. and foreign jurisdictions, and the Parties agree that ***no procedural or substantive objections to enforcement will be raised by any party to the Arbitration Award*** and the disputed measure of royalty agreement. The award may be enforced in any location where the losing party's assets can be found."
>
> (EXHIBIT 1, emphasis added).

13. An award was first issued on August 23, 2013, and then amended after consideration of post-award motions on November 25, 2013. A copy of the final award and the amended final award of the arbitrator is attached hereto. The arbitration award grants to the Plaintiffs a money judgment against certain of the Defendants jointly and severally in the sum of $7.419 million.

14. The Plaintiffs moved the Court previously on October 15, 2013 to confirm the Final Award of August 23, 2013, with notice that, subsequent to the rulings on the parties'

post-Award Motions, the Plaintiffs may move the Court to confirm a modified Final Award. See [DE #375].

15. The Defendants Moved the Arbitrator to Reconsider the Final Award on October 15, 2013 (EXHIBIT 5). The Plaintiffs Opposed this Motion, arguing that the terms of the Agreement to Arbitrate and the standards of the Federal Arbitration Act precluded the Defendants from such Motion (EXHIBIT 8). The Arbitrator denied the Defendants' Motion to Reconsider Award in its entirety (EXHIBIT 21).

16. The Plaintiffs now move to confirm the Amended Final Award of November 25, 2013.

17. In accordance with 9 U.S.C. §13 and for the convenience of the Court, the Plaintiffs have set forth all motions, attachments, Orders, and Arbitration Awards, including this Amended Final Award in a chart format as follows:

| Exhibit No. | Document | Date Issued/Filed |
| --- | --- | --- |
| 1 | **Agreement to Arbitrate** | **August 13, 2012** |
| 2 | **Order of the District Court of the Virgin Islands dated August 29, 2012** | **August 29, 2012** |
| 3 | **Plaintiffs' Confidential Summary of the Case to Arbitrator [1] and Elements of Plaintiffs Combined Causes of Action** | **August 22, 2013** |
| 4 | **Defendants' Answer and Counterclaims** | **September 5, 2012** |
| 5 | **Plaintiff's Answer to Counterclaims** | **September 15, 2012** |
| 6 | **Final Award** | **August 23, 2013** |

---

[1] Despite the characterization of this Summary as "Confidential", this submission was in fact forwarded by Plaintiffs' counsel to both the Arbitrator and opposing counsel on August 22, 2013.

6

| 7 | **Plaintiffs' Motion to Correct, Modify and Amend** | **October 15, 2013** |
|---|---|---|
| 8 | **Defendants' Motion for Reconsideration** | **October 15, 2013** |
| 9 | **Supplementary Motion of the Plaintiffs** | **October 21, 2013** |
| 10 | **Affidavit of Robert D. Colvin, Esq.** | **October 21, 2013** |
| 11 | **Plaintiffs' Opposition to Motion for Reconsideration** | October 29, 2013 |
| 12 | **Plaintiff's Motion to Confirm Domestic Arbitration Award** | **October 15, 2013** |
| 13 | **Defendants' Opposition to Motion to Confirm Domestic Arbitration Reward** | **October 16, 2013** |
| 14 | **Plaintiffs' Reply to Defendants' Opposition to Motion to Confirm Domestic Arbitration Award** | **October 22, 2013** |
| 15 | **Defendants' Motion to Enforce Stay of Proceedings** | **October 28, 2013** |
| 16 | **Plaintiff's Notice of Filing Arbitrator's Award and Intent to Commence Execution** | **October 30, 2013** |
| 17 | **Plaintiffs' Opposition to Motion to Enforce Stay of Proceedings** | **October 31, 2013** |
| 18 | **Defendants' Response to Plaintiff's Motion to Correct, Modify and Amend** | **November 1, 2013** |
| 19 | **Defendant's Response to Plaintiffs' Supplemental Motion** | **November 7, 2013** |
| 20 | **Defendants' Reply to Plaintiffs' Opposition to Defendants' Motion to Reconsider Award** | **November 7, 2013** |
| 21 | **Plaintiffs' Proposed Amended and Supplementary Final Award** | **November 7, 2013** |

| 22 | Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Supplemental Motion | November 8, 2013 |
|----|----|----|
| 23 | Defendants' Reply to Plaintiffs' Opposition to Continue Stay and In Further Support of Plaintiffs' Motion to Confirm Award | November 22, 2013 |
| 24 | Order Denying Defendants' Motion for Reconsideration | November 25, 2013 |
| 25 | Order Granting in Part and Denying in Part Plaintiffs' Motion to Modify, Correct and Amend | November 25, 2013 |
| 26 | Amended Final Award | November 25, 2013 |

18. Because this motion, the proposed Order, and the proper attachments have been filed, and because there are no grounds for modifying, correcting, or vacating the award, the Court must now confirm the arbitration award in this case.  9 U.S.C. §9, 13.

## D.  CONCLUSION

19. Plaintiffs have brought this motion for entry of judgment and to confirm the amended domestic arbitration award that was issued on November 25, 2013.  The Amended Final Award was issued after the matters before this Court were stayed pending the arbitration and issuance of a final award.  See Amended Final Award (EXHIBIT 23).

20. The amended final arbitration award the arbitrator made an award of zero (0) as to the claims brought by Defendants Foster & Dunhill, Ltd., Stephen P. Donaldson, Fortress Family Office Group, LLC, Citadel Insurance Company, Ltd., AP Holdings, Ltd., and New Hope Holdings, Ltd., entities to those claims between the parties.

21. The arbitrator further found for the Plaintiffs including Much Love International Dynasty Trust, Vita International Dynasty Trust, Loki International Dynasty Trust, Founders International DV Dynasty Trust, Richard Vento, Lana Vento, Gail Vento, Nicole Mollison, and Renee Vento (collectively) and as against Defendants jointly and severally including Alliance Holding Company, Ltd., Alliance Royalties, LLC, Alliance Royalties, Inc., Westminster, Hope & Turnberry, LLC, Westminster, Hope & Turnberry, Ltd., Waterberry, Ltd., Offshore Trust Services, LLC, AXA Holdings Company, First Fidelity Trust, Ltd., Fidelity Insurance Company, Ltd., Duane Crithfield individually and Keithley Lake individually in the total sum of $7.419 Million, which award reflects a net amount taking into consideration the claims and all counter-claims referenced therein.  The arbitrator further directed that each party shall bear their own legal fees and costs, and each party shall bear their own arbitration fees and costs.

22. Should the Defendants further oppose the Plaintiffs' attempts to confirm and enforce this Amended Final Award, the Plaintiffs will move for attorneys fees and costs under the terms of the Agreement to Arbitrate as set forth in "Section XIII. Miscellaneous", Paragraph 1. (see EXHIBIT 1, page 6).

23. For these reasons, the Plaintiffs move that the Court confirm the amended domestic arbitration award and enter judgment in accordance therewith.

DATED:    November 27, 2013                                 Respectfully submitted,
          St. Thomas, USVI

                                              BY:    /s/Alan R. Feuerstein
                                                     Alan R. Feuerstein, Esq.
                                                     **FEUERSTEIN & SMITH, LLP**
                                                     *Attorneys for Plaintiffs*
                                                     475 Delaware Avenue
                                                     Buffalo, New York 14202-1303

           (716) 856-9704  Telephone
           (716) 856-9707  Facsimile
           fsllp@aol.com
           and
           P.O Box 502008
           St. Thomas, U.S. Virgin Islands
           00805-2008
           (340) 777-6325 Telephone/Facsimile
           fsllpvi@aol.com

           **McCHAIN NISSMAN LAW GROUP LLC**

BY: /s/ David Marshall Nissman
           David Marshall Nissman, Esq.
           *Attorneys for Plaintiffs*
           53A Company Street
           Christiansted, VI 00820
           (340) 719-0601  Telephone
           (340) 719-0602  Facsimile
           dnissman@yahoo.com
           david@mcchainnissman.com

**CERTIFICATE OF SERVICE**

      I, Alan R. Feuerstein, hereby certify that I have on this 27th day of November, 2013 filed the foregoing in District Court of the Virgin Islands using the Court's CM/ECF system, which will send notification of filing via electronic mail addressed to the following:

Gordon C. Rhea, Esq.<br>
Richardson Patrick Westbrook & Brickman, LLC<br>
1037 Chuck Dawley Boulevard, Building A<br>
Mount Pleasant, South Carolina 29464<br>
grhea@rpwb.com

                                                */s/ Alan R. Feuerstein*
                                                Alan R. Feuerstein