```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN
```

|  |  |
|---|---|
| RICHARD VENTO, LANA VENTO, GAIL VENTO, RENEE VENTO, NICOLE MOLLISON, | ) ) ) ) |
|         Plaintiffs, | )  Civil No. 2009-174 ) ) |
|         v. | ) ) |
| DUANE CRITHFIELD, KEITHLEY LAKE, ALLIANCE HOLDING CO., LTD., ALLIANCE ROYALTIES, LLC, ALLIANCE ROYALTIES, INC., WESTMINISTER, HOPE, & TURNBERRY, LLC, WESTMINISTER, HOPE, & TURNBERRY, LTD., FIRST FIDELITY TRUST, LTD., FIDELITY INSURANCE CO. LTD., OFFSHORE TRUST SERVICES, LLC, CITADEL INSURANCE CO., LTD., ABC COMPANIES, JAMES DUGGAN, DUGGAN BERTSCH, THOMAS HANDLER, HANDLER THAYER,LLP, STEVEN THAYER, AP HOLDINGS, LTD., CITADEL INSURANCE CO., LTD., FORTRESS FAMILY OFFICE GROUP, LLC, FOSTER & DUNHILL, LTD, WATERBERRY, LTD., AXA HOLDINGS, CO., BPS INTERNATIONAL, LLC, NEW HOPE HOLDINGS, LTD., OFFSHORE TRUST SERVICES, LLC., STEPHEN P. DONALDSON, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
|         Defendants. | ) ) |

**APPEARANCES:**

**Alan R. Feuerstein, Esq.**
Feuerstein & Smith, LLP
Buffalo, NY

*Vento, et al. v. Crithfield, et al.*
Civil No. 2009-174
Memorandum Opinion
Page 2

> *For Richard Vento, Lana Vento, Gail Vento, Nicole Mollison, and Renee Vento,*

**John H. Benham, Esq.**
Benham & Chan
St. Thomas, VI
> *For Duane Crithfield, Keithley Lake, Offshore Trust Services, LLC, Alliance Holding Co., Ltd., Alliance Royalties, Inc., Alliance Royalties LLC, AP Holdings, Ltd., Citadel Insurance Co., Ltd., Fidelity Insurance Co., Ltd., First Fidelity Trust, Ltd., Westminster, Hope & Turnberry, Ltd,*

**Gordon C. Rhea, Esq.**
Richardson, Patrick, Westbrook & Brickman, LLC
Mount Pleasant, SC
> *For New Hope Holdings, Ltd., Waterberry, Ltd.,*

**Andrew C. Simpson, Esq.**
Law Offices of Andrew Simpson
St. Croix, VI
> *For BPS International LLC, James Duggan, Duggan Bertsch, Thomas Handler, Handler Thayer, LLP, Handler, Thayer & Duggan, LLC, and Steven Thayer,*

**Andrew L. Capdeville, Esq.**
Law Offices of Andrew L. Capdeville
St. Thomas, VI
> *For Foster & Dunhill, Ltd., Fortress Family Office Group, LLC, and Stephen Donaldson.*

### JUDGMENT[1]

Before the Court is the motion of Richard Vento and Lana Vento to reconsider the Court's entry of judgment against certain defendants on September 30, 2015.

Local Rule of Civil Procedure 7.3 permits motions for reconsideration only where there is:

1. intervening change in controlling law;
2. availability of new evidence;
3. the need to correct clear error or prevent manifest injustice.

LRCi 7.3. Such motion "shall be filed within fourteen (14) days after entry of the order or decision unless the time is extended by the Court." LRCi 7.3.

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). "Such motions are not substitutes for appeals, and are not to be used 'as a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *Cabrita Point Dev., Inc. v.*

---

[1] The Court will issue a memorandum opinion outlining its reasons at a later date.

*Evans*, 52 V.I. 968, 975 (D.V.I. 2009)(quoting *Bostic v. AT & T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004)).

In the context of a motion to reconsider, "manifest injustice 'generally means that the Court overlooked some dispositive factual or legal matter that was presented to it.'" *Id.* (quoting *In re Rose*, No. 06-1818(JLP), 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007)). Manifest injustice has also been defined as "'an error in the trial court that is direct, obvious, and observable.'" *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.2d 342, 348 (6th Cir. 2004)(quoting Black's Law Dictionary 974 (7th ed. 1999)). "[M]ost cases ... use the term 'manifest injustice' to describe the result of plain error." *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1425 (5th Cir. 1996).

The premises considered, it is hereby

**ORDERED** that the Motion for Reconsideration is hereby **GRANTED** insofar as it seeks an entry of judgment against Citadel Insurance Co., Ltd.; First Fidelity Trust, Ltd.; and Fidelity Insurance Co.; it is further

**ORDERED** that the Motion for Reconsideration is **DENIED** insofar as it seeks an entry of judgment against Alliance Holding Co., Ltd.; Alliance Royalties, Inc.; Westminster Hope & Turnberry, LLC; Offshore Trust Services, LLC; Fortress Family

Office Group; New Hope Holdings, Ltd.; and AP Holdings, Ltd.; it is further

**ORDERED** that the Motion for leave to File Excess Pages is **MOOT**; it is further

**ORDERED** that the Motions to Withdraw as Attorney, ECF No. 452 and 453, are **GRANTED** insofar as the motions seek to withdraw representation of Steven Donaldson and Duane Crithfield individually; and it is further

**ORDERED** that the Motions to Withdraw as Attorney, ECF No. 452 and 453, are hereby **DENIED** in regards to all other defendants.

S\_____
**Curtis V. Gómez**
**District Judge**